UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS, | No. 2:15-cv-1230 CKD P |
| Plaintiff, | |
| v. | ORDER |
| T. VILLESCAZ, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

1

1    The court is required to screen complaints brought by prisoners seeking relief against a
2    governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The
3    court has conducted the required screening.

4    In his complaint plaintiff presents claims against different defendants which do not arise
5    out of the same transaction or occurrence.  For example: plaintiff's claim regarding the use of
6    excessive force by defendant Just on May 24, 2015 is not in any way related to plaintiff's
7    allegations of harassment by defendant Villescaz occurring April 24, 2015. This violates Rule 20
8    of the Federal Rules of Civil Procedure. Accordingly, plaintiff's complaint will be dismissed.
9    Plaintiff will, however, be granted leave to amend. In his amended complaint, plaintiff may state
10   as many claims as he has against a particular defendant. Fed. R. Civ. P 18. Plaintiff may assert
11   claims against another defendant only if the claim arises from the same transaction or occurrence
12   as a claim against the first defendant. Fed. R. Civ. P 20.

13   More generally speaking, if plaintiff chooses to amend the complaint, plaintiff must
14   demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's
15   constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, plaintiff's
16   amended complaint must allege in specific terms how each named defendant is involved. There
17   can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection
18   between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362
19   (1976). Furthermore, vague and conclusory allegations of official participation in civil rights
20   violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

21   In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to
22   make plaintiff's amended complaint complete. Local Rule 220 requires that an amended
23   complaint be complete in itself without reference to any prior pleading. This is because, as a
24   general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375
25   F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no
26   longer serves any function in the case. Therefore, in an amended complaint, as in an original
27   complaint, each claim and the involvement of each defendant must be sufficiently alleged.
28   /////

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 9) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: August 24, 2015

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
will1230.14

3